NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
Chicago, Illinois 60604

Argued January 7, 2016
Decided January 22, 2016

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 15-1480 <br><br> COACH, INC., and COACH SERVICES, INC., <br>     *Plaintiffs-Appellees*, <br><br> *v.* <br><br> DI DA IMPORT AND EXPORT, INC., <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 13 C 7165 <br> Samuel Der-Yeghiayan, *Judge*. |

**Order**

Coach contends in this suit under the Lanham Act that DI DA infringed its trade-marked double-C logo. The district court wrote an opinion concluding that Coach is likely to prevail and is entitled to interlocutory relief. 2015 U.S. Dist. LEXIS 22222 (N.D. Ill. Feb. 25, 2015). DI DA immediately appealed.

The parties' briefs disagree about what relief the district court afforded to Coach, and consequently they disagree about the standard of review and the appropriate legal analysis. A little searching through the record revealed the reason for this disagreement: the district court had not awarded *any* relief. It issued an opinion but not an injunction

and did not try to comply with Fed. R. Civ. P. 65(d)(1). After the panel identified this shortcoming during the oral argument, Coach returned to the district judge and asked him to issue a formal order. The judge complied and entered a document captioned "Temporary Restraining Order." Just to make sure that we did not take that caption as a misnomer—issuing a TRO three years into a lawsuit makes little sense—the order states explicitly that it took effect on February 25, 2015, and expired on March 11, 2015.

The district court's order presents DI DA with two insuperable problems. First, the order's caption and limited duration show that it is a genuine TRO, which canonically cannot be appealed. *Sampson v. Murray*, 415 U.S. 61, 86 & n.58 (1974). Second, the order's expiration means that DI DA is not now bound by any injunctive order and cannot appeal for that reason as well; DI DA is not adversely affected by the belated TRO, which expired before being issued.

DI DA has asked us to retain jurisdiction in case the district court should issue a preliminary injunction, as Coach has asked it to do. But, if the district court issues an appealable order, DI DA may file a new appeal. Any such appeal will be submitted to this panel under Operating Procedure 6(b), after an abbreviated briefing schedule that permits the parties to supplement their current briefs with arguments appropriate to what, if anything, the district court does in response to Coach's request. The current appeal, which concerns the district court's decision of February 2015 and an expired TRO, is no longer live.

This appeal is dismissed for want of jurisdiction.